IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BOBBY WILSON, JR.                                                                        PLAINTIFF

V.                                                                        NO. 4:14CV73-DMB-SAA

RON KING, ET AL.                                                                      DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on the *pro se* prisoner complaint of Bobby E. Wilson, Jr., who challenges the conditions of his confinement under 42 U.S.C. § 1983. For purposes of the Prison Litigation Reform Act, the Court notes that the plaintiff was incarcerated when he filed this suit. Wilson, who is serving a sentence of life without parole, alleges that the guards at his unit pose a danger to him. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

Wilson's present allegations begin on January 18, 2014. Though he mentions other incidents, they occurred more than three years prior to the date the instant suit was filed; thus, they fall outside the three-year limitations period of a suit under 42 U.S.C. § 1983 filed in Mississippi.[1] On January 18, 2014, Wilson filed a grievance alleging that Officer Lily Tellis and Officer Clark posed a threat to his safety. He later withdrew the grievance against Officer Tellis, but pursued the one against Clark. Wilson was then moved to Unit 29-I building at the Mississippi State Penitentiary, where the

---

[1] A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russell v. Board of Trustees of Firemen*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted).

Mississippi Department of Corrections houses inmates posing a high security risk. Wilson alleges that gang fights leading to injuries are common in Unit 29-I, and he does not feel safe in that unit. He would like to be moved away from Unit 29-I.

**Failure to Protect**

Wilson alleges in his complaint that he is in danger from the guards in Unit 29-I of the Mississippi State Penitentiary. The court, under the liberal construction of a *pro se* complaint required under *Haines v. Kerner*, 404 U.S. 519 (1972), interprets the claim to be that the defendants have failed to protect him. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates [and guards]." *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). Deliberate indifference "[is] the proper standard to apply in the context of convicted prisoners who claim[] denial of medical care or the failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). The standard is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). In this case, Wilson has not alleged that the defendants "consciously disregard[ed] a substantial risk of serious harm," which is necessary if the plaintiff is to state a claim cognizable under § 1983. *Id.* at 826 (citation omitted). Indeed, he has not been harmed by the guards; nor has he alleged why he believes that they may harm him. Neither has he alleged that the defendants have known of and disregarded an excessive risk to his health or safety.

In addition, inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224

(1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); M<small>ISS</small>. C<small>ODE</small> A<small>NN</small>. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). Wilson has not made any allegations rising to the level of extreme circumstances which would warrant judicial intervention. As such, his allegations must be dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this, the 3rd day of June, 2014.

                                              **/s/Debra M. Brown**
                                              **UNITED STATES DISTRICT JUDGE**